UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORINNE M. MORRISON,<br><br>                    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C24-5968-MLP<br><br>ORDER |

      This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. # 21.) The Commissioner has not filed a response to the Motion, but the Court nonetheless DENIES Plaintiff's Motion.

      The Court may reconsider and amend a judgment pursuant to Rule 59(e). However, this rule "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *12 James Wm. Moore et al.*, Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *389 Orange*

ORDER - 1

*St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

On June 23, 2025, this Court issued an Order remanding Plaintiff's claim for a new hearing. (Dkt. # 19.) The Order noted that "Plaintiff did not file a reply" to the Commissioner's brief arguing for remand. (*Id.* at 1.) However, Plaintiff contends that her Reply Brief, "in which she argued that the proper relief here is a remand for the award of benefits," was timely filed. (Dkt. # 21 at 1.) Accordingly, Plaintiff requests that the Court reconsider its decision, "taking into account the arguments [Plaintiff] presented in her Reply Brief." (*Id.*)

Plaintiff filed her Complaint on November 25, 2024. (Dkt. # 5.) After the Commissioner filed its Answer on January 24, 2025 (dkt. # 8), the Court set the following briefing schedule: Opening Brief due by February 24, 2025, Responsive Brief due by March 26, 2025, Reply Brief due by April 9, 2025 (dkt. # 9). The Court's Order emphasized that "[t]hese dates and page limitations are firm" and warned that nonconforming briefs could be struck. (*Id.*)

On February 20, 2025, Plaintiff filed an unopposed Motion for Extension of Time to File Opening Brief. (Dkt. # 10.) The Court granted the extension and amended the briefing schedule as follows: Opening Brief due by April 8, 2025, Responsive Brief due by May 8, 2025, Reply Brief due by May 22, 2025. (Dkt. # 12.) On May 8, 2025, the Commissioner also filed an unopposed Motion for Extension of Time (dkt. # 15), which the Court granted, amending the scheduling order as follows: Responsive Brief due by June 5, 2025, Reply Brief due by June 19, 2025 (dkt. # 16).

Pursuant to Local Civil Rule 6(a), "[i]f an order of the court sets a specific calendar date by which a party must act, the date is not extended even if it falls on a Saturday, Sunday, or legal holiday unless otherwise ordered by the court." Plaintiff's Reply Brief was due by June 19, 2025

ORDER - 2

(dkt. # 16), but she did not submit it until 9:30 p.m. on June 20, 2025 (dkt. # 20). Therefore, Plaintiff's Reply Brief was untimely.

Regarding Plaintiff's request to have the Court consider the arguments "presented in her Reply Brief" (dkt. # 21 at 1), the Court notes that her Opening Brief already argued for a remand with an award of benefits (dkt. # 13 at 19).[1] Moreover, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original; citing *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

For these reasons, the Court finds that Plaintiff has not shown she is entitled to relief under Rule 59(e) and her Motion (dkt. # 27) is therefore DENIED.

Dated this <u>24th</u> day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] Even if the Court had timely received Plaintiff's Reply Brief, the Court's decision would not be altered in any way.

ORDER - 3